ROY W. RUTHERFORD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rutherford v. Commissioner
Docket No. 9524-83.
United States Tax Court
T.C. Memo 1985-109; 1985 Tax Ct. Memo LEXIS 524; 49 T.C.M. (CCH) 941; T.C.M. (RIA) 85109; March 12, 1985. Edward I. Kaplan, for the respondent. BUCKLEY
MEMORANDUM OPINION *525 BUCKLEY, Special Trial Judge: This case was assigned to the undersigned pursuant to the provisions of Delegation Order No. 8, 81 T.C. XXV (July 1983), and Rule 180. [1] This case was set and called for trial in San Francisco, California, on March 19, 1984, at which time petitioner failed to appear. It is before us on respondent's oral motion to dismiss for want of proper prosecution. We grant respondent's motion in part. Respondent determined deficiencies in petitioner's Federal income taxes as follows: Additions to Tax
Year
Tax
§ 6653(b)
§ 6654 [2]
1974
$1,357
$ 679
$ 35
1975
4,719
$2,360
$204
Respondent's computation, based upon a failure to file returns for both years, indicated petitioner's one-half share of California community property income, deductions and exemptions as follows: 1974
1975
Business income, real
estate broker
$4,987 $15,103 Long-term capital gain
(real estate & antique
doll collection sales)
1,116 2,745 Rental income
665 337 Interest Income
1,334 2,205 Itemized deductions
(3,237)
(2,308)
Personal exemption
(1,500)
(1,500)
*526 Petitioner, who resided in Grass Valley, California, timely filed his petition with this Court. In it, he invoked time-worn tax protester claims: (1) he was not a person required to file returns because his revenues were nontaxable; (2) neither the Internal Revenue Service nor any other branch of the Government has the necessary jurisdiction to attempt to collect any tax from petitioner; (3) the "assessment" should be dismissed or the respondent should be ordered to file a case in Federal Court so that petitioner can have a jury determine the issue; (4) the statute of limitations has run; and (5) petitioner is filing the petition under duress because of the threat the "assessment" will become final if a petition is not filed. Respondent, by answer, affirmatively alleged that all or a part of the underpayment of tax for 1974 and 1975 was due to fraud. Petitioner did not file a reply and, therefore, respondent not having filed a motion that specified allegations in the answer be deemed admitted, the affirmative allegations in the answer are deemed denied. Rule 37(c). *527 Petitioner bears the burden of proving that respondent's determination is incorrect as to the amount of tax deficiencies, as well as the additions to tax under section 6654. , Rule 142(a). Petitioner has failed to make any attempt to prosecute his case, Rules 123 and 149, and it is apparent that respondent must be upheld in this regard. Indeed, the petition and other documents filed by petitioner are frivolous. . Respondent, however, bears the burden of proving that petitioner's failure to file returns, report income or pay the tax due thereon was due to fraud. Section 7454(a); Rule 142(b). In order to sustain this burden, respondent must affirmatively show, through clear and convincing evidence, that petitioner underpaid his taxes and that such underpayment resulted from an intentional wrongdoing designed to evade taxes believed to be owing. ; ; . Although respondent *528 need not show the precise amount of the underpayment which resulted from fraud, , affg. a Memorandum Opinion of this Court, it must at least be shown by affirmative evidence that some fraudulent underpayment of tax in fact existed in order for respondent to prevail. . The existence of fraud is a question of fact to be resolved upon consideration of the entire record. , affd. without published opinion, . It is difficult to see how, on the bare bones of the record before us, we can sustain respondent's determination of fraud. The record discloses that no returns were filed; indeed petitioner so advises the Court in his petition, as well as in a Motion to Dismiss (denied by this Court) which he filed herein. It is clear that a failure to file tax returns, standing alone, is not an indicia of fraud. . There is nothing else in the record to indicate fraud and *529 we refuse to presume fraud. Respondent has failed to sustain his burden in this regard. [3]
Petitioner's claim that respondent's determination is barred by the statute of limitations is incorrect. Petitioner has made it clear in his petition he failed to file returns for 1974 and 1975. In such an instance, assessment may be made at any time. Section 6501(c). We now consider, on our own motion, the applicability of the provisions of section 6673 to this matter. That section provides that whenever it appears to this Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States. We find the petition filed herein frivolous and groundless. Further, we find that petitioner filed his petition with this Court primarily for delay. Indeed, petitioner has so advised us by the *530 language of his petition. Damages in the amount of $4,500 are awarded to the United States. An appropriate Order will be issued.
Footnotes
1. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. We note that respondent's Answer did not contain a request for additional to tax under sections 6651 and 6653(a) as an alternative to section 6653(b).↩